UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **REPORT AND RECOMMENDATION** |
| v. | |
| JOSEPH THOMPSON, | 16-CR-0007-LJV-JJM |
| Defendant. | |

_____

This case was referred to me by Hon. Lawrence J. Vilardo for supervision of all pretrial proceedings [13]. [1] Before me is defendant Joseph Thompson's pretrial motion [20]. For the following reasons, I recommend that the motion be denied, without prejudice to a renewed motion demonstrating good cause why its belated filing should be excused.

**BACKGROUND**

Defendant Thompson is charged in a six-count Indictment [12] with a variety of controlled substance offenses. On January 29, 2016, the parties agreed to a Scheduling Order that required defendant Thompson's pretrial motions to be filed by May 27, 2016. [16], ¶2. That Scheduling Order stated that the "[f]ailure by any party . . . to make requests which must be made . . . at the time set forth in this scheduling order or prior to any extension made by the court shall constitute a waiver thereof". Id., p. 2.

No pretrial motions were filed by the May 27, 2016 deadline, prompting the government to file a motion to set a trial date on May 31, 2016 [19]. On June 1, 2016, defendant

---

[1] Bracketed references are to the CM/ECF docket entries.

Thompson filed his pretrial motion [20] seeking a variety of relief, including Fed. R. Crim. P. ("Rule") 16 discovery, but containing no request for leave to file an untimely motion.

## ANALYSIS

Rule 12(b)(3) provides that certain motions, including those seeking Rule 16 discovery, "must be raised by pretrial motion if the basis for the motion is then reasonably available". Rule 12(c)(3) further states that "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause". Defendant Thompson has not demonstrated good cause to excuse his failure to comply with the Scheduling Order. Therefore, his pretrial motion [20] is denied, without prejudice to a renewed motion demonstrating good cause for his failure to meet the deadline.

## CONCLUSION

For these reasons, I recommend that defendant Thompson's pretrial motion [20] be denied, without prejudice to a renewed motion demonstrating good cause. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by June 20, 2016 (applying the time frames set forth in Rules 45(a)(1)(C), 45(c), and 59(b)(2)). Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: June 2, 2016

                                              /s/ Jeremiah J. McCarthy
                                            JEREMIAH J. MCCARTHY
                                            United States Magistrate Judge